## Sinnott's Estate.

Saul, Ewing, Remick & Saul, for petitioner.

M. Hampton Todd, H. Gordon McCouch and Ira Jewell Williams, for trustees.

HOLLAND, P. J., April 22, 1929.—The clause of the testator's will in question, which is recited in the fifth paragraph of the petition, in effect directs the trustees to pay the petitioner a minimum of $3000 per year out of the income of one full equal one-sixth part of his estate, and gives them an absolute discretion to pay so much more of the income of said one-sixth of the estate to him as they shall deem proper. "If in the sole discretion of my executors and trustees" is the language employed which certainly gives the trustees an absolute discretion. Further, "in their sole discretion," they may "pay said balance of income (above $3000 per annum) to his wife" for her support and the support, education and maintenance of his children.

The trustees have exercised their discretion and are paying the petitioner $3000 per annum and expending the balance for the wife and children of petitioner.

Petitioner asks us to order the trustees to pay him $400 in excess of the $3000 minimum for his expenses in attending the audit of the trustees' account which they are about to file.

In other words, the testator having given the trustees an absolute discretion, petitioner asks us to force them to exercise it in a particular way. It would seem the mere statement of the substance of his prayer is sufficient to inevitably point to the conclusion that it must be denied. If the court could insist or direct that an absolute discretion, clearly given a trustee by the testator, be exercised other than in the manner that the trustee has chosen, it would be equivalent to nullifying the testator's intent and would in effect deprive the testator of the right to repose an absolute discretion in his trustees. It would seem superfluous to quote authority to support a proposition so clear. However, we should note that the cases cited by the respondents in their briefs are in point and unanswerable.

754

We need not consider the question of the relative importance of petitioner's presence at the audit as a witness to material facts. We must pass upon the availability of evidence and its relevancy when the account is called for audit. We have no authority to award petitioner his expenses as a witness in advance.

And now, April 22, 1929, the petition is dismissed, at the cost of the petitioner. From Aaron S. Swartz, Jr., Norristown, Pa.